**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Case No. 0:19-cv-03068 SRN/HB

Brock Fredin,

      Plaintiff,

v.

**DEFENDANTS' MEMORANDUM**
**OF LAW IN SUPPORT OF**
**MOTION TO DISMISS**

Halberg Criminal Defense,
Christina Zauhar,

      Defendants.

## INTRODUCTION

Plaintiff Brock Fredin ("Fredin") brings this case against his former attorney and her law firm, Defendants Christina Zauhar and Halberg Criminal Defense. Fredin alleged claims of (1) legal malpractice, (2) breach of contract, (3) excessive and wasteful billing, (4) misrepresentation, and (5) fraud. Fredin's claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because Fredin has failed to provide an affidavit of expert review, as required by Minn. Stat. § 544.42. Counts 4 and 5 are also subject to dismissal pursuant to Fed. R. Civ. P. 9(b) on the alternative ground that they have not been pled with particularity.

## FACTS ALLEGED IN THE COMPLAINT

Plaintiff Brock Fredin retained Defendants Christina Zauhar ("Zauhar") and Halberg Criminal Defense ("Halberg") (collectively "Defendants") to represent him in several civil matters in which restraining orders were issued against him and criminal matters regarding his violation of those restraining orders. (Compl. at ¶¶ 2, 17.)

1

Fredin alleges Zauhar's representation in these matters was inadequate. Among other criticisms, he argues Zauhar should have hired an expert in First Amendment law to support his defense that his conduct in violation of the restraining orders was protected speech and an expert in Fourth Amendment law to support his argument that he was subjected to an unlawful search. (Compl. at ¶¶ 23-24.) Fredin also argues Zauhar should have raised the issues of witness tampering, (Compl. at ¶¶ 31, 39), abuse of process, (Compl. at ¶ 37), and lack of jurisdiction, (Compl. at ¶ 26). Finally, he alleges Zauhar failed to fully investigate the claims against him. (Compl. at 28.)

In addition to arguing that Zauhar failed to take certain necessary actions, Fredin also alleges Zauhar did unnecessary work in an effort to prolong litigation and increase legal fees. For example, he argues she participated in too many "inconsequential status hearings," (Compl. at ¶ 24) and "nearly off-the-record proceedings on a near monthly basis until the [action] was ripe for an exponentially more expensive full contested trial," (Compl. at ¶ 25).  Similarly, he alleges she "appeared before the court on Plaintiff's behalf eleven times in nine months to request the unsuccessful dismissal of [the four actions] . . . in increasing efforts to prolong litigation." (Compl. at 41.) He also alleges that she, "repeatedly return[ed] to efforts to conduct hearings, encourage judicial findings, and other costly legal maneuvers that would drive up cost(s)." (Compl. at ¶ 20.)

Zauhar's representation of Fredin was terminated on August 20, 2018, but Fredin alleges Zauhar mishandled the withdrawal as counsel. (Compl. at ¶¶ 21, 41, 45, 46, 48, 51-59.) Fredin also alleges Zauhar charged an excessive retainer fee and misused client funds. (Compl. at ¶¶ 19, 43, 49, 50.)

As a result of the alleged misconduct, Fredin alleges he was unable to obtain new counsel after Zauhar's withdrawal, (Compl. at ¶ 22), suffered harm to his career, (Compl. at ¶¶ 6, 42), and endured emotional distress, (Compl. at ¶ 27). Fredin lists his claims as (1) Legal Malpractice/Negligence, (2) Breach of Contract, (3) Excessive and Wasteful Billing, (4) Intentional and Negligent Representation, and (5) Fraud. Defendants now bring this Motion to Dismiss.

## ARGUMENT

### I.    Motion to Dismiss Standard

"[D]ismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and destined to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir.2001). To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). "A claim is facially plausible when it alleges facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Roe v. Nebraska*, 861 F.3d 785, 787 (8th Cir. 2017) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### II.   All Claims Should Be Dismissed For Failure to Comply with Minn. Stat. § 544.42

The Court should dismiss all of Fredin's claims because he has not produced an affidavit of expert review, as required by Minn. Stat. § 544.42. A plaintiff in a legal malpractice case must serve an affidavit of expert review with the pleadings. Minn. Stat.

§ 544.42, subd. 2(1); *Noske v. Friedberg*, 713 N.W.2d 866, 871 (Minn. Ct. App. 2006). The affidavit must provide meaningful information that identifies the attorney the plaintiff expects to call as an expert, describes the expert's opinion on the applicable standard of care, explains that the defendant departed from the standard of care, and summarizes the expert's opinion that the defendant's departure from the standard of care caused the plaintiff's damages.[1] *Roseland v. Wentzell*, 864 N.W.2d 356, 365 (Minn. Ct. App. 2015). The only exception to providing an affidavit is when the malpractice is so obvious it can be adequately evaluated by a jury without an expert, but this exception is rarely applied. *Fontaine v. Steen*, 759 N.W.2d 672, 677 (Minn. Ct. App. 2009).

"If the plaintiff fails to comply with § 544.42 and his claim requires expert testimony to establish a prima facie case, that claim must be dismissed."[2] *Sandhu v. Kanzler*, 932 F.3d 1107, 1114 (8th Cir. 2019). *See also Lake Superior Ctr. Auth. v. Hammel, Green & Abrahamson, Inc.*, 715 N.W.2d 458, 470 (Minn. Ct. App. 2006) ("[F]ailure to strictly satisfy the expert disclosure requirements will result in dismissal of the claim with prejudice."). Courts have dismissed cases with prejudice for failure to

---

[1] Subd. 3(a)(2) also allows a plaintiff to attest that expert review "could not reasonably be obtained before the action was commenced because of the applicable statute of limitations." Minn. Stat. § 544.42, subd. 3(a)(2). Since no affidavit has been served, this subsection is not at issue.

[2] Although there is a safe harbor provision which allows 60 days for the plaintiff to cure deficiencies in the affidavit, this provision requires the plaintiff to timely serve an affidavit that at least minimally complies with the statute. It does not apply when the plaintiff fails to serve any affidavit at all. *Afremov v. Sulloway & Hollis, P.L.L.C.*, 922 F. Supp. 2d 800, 814 (D. Minn. 2013). Because Fredin has not served any affidavit, he is not eligible for the safe harbor.

4

comply with Minn. Stat. § 544.42 even when the result seems harsh. *Afremov v. Sulloway & Hollis, P.L.L.C.*, 922 F. Supp. 2d 800, 816 (D. Minn. 2013).

Minn. Stat. § 544.42 is not limited to claims identified in the complaint as "legal malpractice." It has also been applied to claims for breach of contract, breach of fiduciary duty, misrepresentation, and fraud, among other causes of action. *See, e.g.*, *Bajwa v. Foster*, No. A06-1681, 2007 WL 2245801, at *4 (Minn. Ct. App. Aug. 7, 2007). Any claims that arise solely out of the attorney-client relationship and are based on the same facts as the legal malpractice claim are subject to the affidavit requirement. *Afremov*, 922 F. Supp. 2d at 815. These types of claims "essentially restate [the] malpractice claim in another form," *Zirbes v. Meshbesher & Spence, Ltd.*, No. A16-0352, 2016 WL 5345653, at *3 (Minn. Ct. App. Sept. 26, 2016), and allowing a plaintiff to pursue these alternative claims without an expert affidavit "would create a significant loophole in Minn. Stat. § 544.42," *Pearson v. Oxford Prop. Advisors, LLC*, No. A10-1766, 2011 WL 1833133, at *5 (Minn. Ct. App. May 16, 2011).

Fredin has not supplied an affidavit of expert review. None of his claims can proceed without one. Most clearly, Count 1 alleges "legal malpractice/negligence." By its plain text Minn. Stat. § 544.42, subd. 2 applies to allegations of "negligence or malpractice in rendering a professional service." Accordingly, this claim should be dismissed.

In Count 2, Fredin alleges breach of contract. Fredin alleges Zauhar violated the contractual obligations to "take all action legally necessary and appropriate to protect [his] interests," to "perform all legal services with due care and diligence," and to

"provide Plaintiff with professional, skilled and careful lawyers." (Compl. at ¶ 67.) In other words, Fredin essentially alleges Zauhar violated the professional standard of care, which is a quintessential legal malpractice claim. *See Bowen v. Arnold*, 380 N.W.2d 531, 535 (Minn. Ct. App. 1986) (stating the issue in legal malpractice claims is whether the attorney exercised the "degree of care, skill and diligence professionals ordinarily exercise under like circumstances"). Whether an attorney violated the standard of care requires expert testimony. *Jerry's Enterprises, Inc. v. Larkin, Hoffman, Daly & Lindgren, Ltd.*, 711 N.W.2d 811, 817 (Minn. 2006). Therefore, the breach of contract claim must be supported by an affidavit of expert review under Minn. Stat. § 544.42. *Brown-Wilbert, Inc. v. Copeland Buhl & Co., P.L.L.P.*, No. A07-2462, 2008 WL 5396832, at *4 (Minn. Ct. App. Dec. 30, 2008) (recognizing that when a breach of contract claim alleges a breach of a promise to comply with professional duties, it is a malpractice claim and requires an expert affidavit). Fredin's failure to provide an affidavit of expert review requires dismissal of this Count.

Count 3 is labeled "excessive and wasteful billing" and alleges Zauhar performed unnecessary and wasteful legal services and generally overcharged Fredin for the legal representation. (Compl. at ¶¶ 69-74.) Fredin appears to argue the fees charged were excessive because Zauhar took action that the standard of care for a legal professional did not require. Such an allegation requires expert testimony regarding the standard of care for the same reasons discussed above. Count 3 should be dismissed.

Count 4 alleges intentional and negligent misrepresentation. In this Count, Fredin refers to "actions and representations to Plaintiff described above" and states that they

6

were material, reasonably relied upon, and proximately caused damages. (Compl. at ¶¶ 75-79.) When a misrepresentation claim relies on the same allegations as a legal malpractice claim, it is subject to the requirements of Minn. Stat. § 544.42. *Berman v. Maslon, Edelman, Borman & Brand, LLP*, No. A06-351, 2006 WL 3734278, at *3 (Minn. Ct. App. Dec. 19, 2006). Because Fredin's misrepresentation claim is the same as his legal malpractice claim, it requires an expert affidavit.

Lastly, Count 5 alleges fraud. Fredin alleges Zauhar mishandled client funds and did not effectively communicate how the fees were to be used. (Compl. at ¶¶ 80-87.) Courts have applied the expert affidavit requirement to fraud claims arising out of the attorney client relationship. *Zirbes v. Meshbesher & Spence, Ltd.*, No. A16-0352, 2016 WL 5345653, at *4 (Minn. Ct. App. Sept. 26, 2016) (holding a fraud claim required expert affidavit when it depended upon the extent of an attorney's duty to communicate with a client); *Bajwa v. Foster*, No. A06-1681, 2007 WL 2245801, at *4 (Minn. Ct. App. Aug. 7, 2007) (dismissing a fraud claim for lack of expert affidavit because to prevail on the claim the plaintiff would need to provide expert testimony to establish a prima facie case). Other courts have also dismissed fraud claims that failed to comply with Minn. Stat. § 544.42. *See, e.g.*, *Mosby v. Engh*, No. A05-901, 2006 WL 4643133, at *5 (Minn. Ct. App. May 2, 2006); *Pearson v. Oxford Prop. Advisors, LLC*, No. A10-1766, 2011 WL 1833133, at *5 (Minn. Ct. App. May 16, 2011). This Court should likewise hold that Fredin's fraud claim cannot proceed due to his failure to provide an affidavit of expert review.

Because all of Fredin's claims require an affidavit of expert review and he has not provided one, the Court should dismiss the case in its entirety.

### III.   Counts 4-5 Should Be Dismissed for Failure to Comply with Fed. R. Civ. P. 9(b)

In addition, the last two Counts, intentional and negligent misrepresentation (Count 4) and fraud (Count 5) are also subject to dismissal because Fredin has failed to plead these claims with particularity, as required by Fed. R. Civ. P. 9(b).

Rule 9(b) requires a higher degree of notice than other claims, which should enable the defendant to respond specifically and quickly to the allegations. *U.S. ex rel. Costner v. United States*, 317 F.3d 883, 888 (8th Cir. 2003). It requires a plaintiff bringing a fraud claim to "identify the who, what, where, when, and how of the alleged fraud." *U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir. 2006) (quotation omitted). In other words, the plaintiff should provide "the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 746 (8th Cir. 2002) (quotation omitted). "The requirements of Rule 9(b) apply not only to fraud claims, but to any allegations of negligent or intentional misrepresentation." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minnesota*, LLC, 871 F. Supp. 2d 843, 859 (D. Minn. 2012).

Fredin's Complaint fails to meet this standard. The misrepresentation claim is clearly insufficient because it vaguely refers to "actions and representations" described above without identifying any specific statements alleged to constitute misrepresentation.

The fraud claim appears to be based on a dispute about unpaid legal fees. First, Fredin alleges Zauhar stated "fees and a retainer paid for [one criminal case] were to be used for the entirely (sic) of [that case]," but she later stated "she would use the . . . retainer [from that criminal case] to replenish unpaid civil fees." (Compl. at ¶¶ 81-82.) At some other unspecified point, Zauhar allegedly stated "she would forgive unpaid civil filing fees in exchange for withdrawing from representation." (Compl. at ¶ 83.) Fredin alleges this statement was intended "to deceive [Fredin]" and "effectively . . . coerc[ed] the retainer as payment for unpaid civil fees." (Id.)

At most, these allegations identify the who and the what of the alleged fraud. Fredin fails to identify where the statements were made, when the statements were made, or how the statements were made. Because Fredin fails to allege fraud or misrepresentation with particularity, these claims should be dismissed pursuant to Fed. R. Civ. P. 9(b).

## CONCLUSION

Defendants Christina Zauhar and Halberg Criminal Defense respectfully request that the Court dismiss the Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) because Plaintiff Brock Fredin has not complied with Minn. Stat. § 544.42 and Fed. R. Civ. P. 9(b).

Dated:  January 21, 2020       LOMMEN ABDO, P.A.


BY /s/ Barry A. O'Neil
Barry A. O'Neil, I.D. No. 220875
1000 International Centre, 920 Second Avenue South
Minneapolis, MN 55402
(612) 339-8131; FAX: (612) 339-8064
barry@lommen.com

*Attorneys for Defendants*