UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| BROCK FREDIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | AFFIDAVIT OF BRUCE RIVERS |
| | ) | |
| HALLBERG CRIMINAL DEFENSE, | ) | |
| CHRISTINE ZAUHAR, | ) | |
| | ) | |
| Defendants. | ) | |

1.   My name is Bruce Michael Rivers, duly licensed attorney in the State of Minnesota.  I was first licensed in 1998 and authorized to practice law in state and federal courts.

2.   I am certified by the Minnesota State Bar Association as a criminal law specialist.  I am also certified by the National Board of Trial Advocacy as a criminal trial specialist.

3.   The majority of my cases over the past 22 years have been criminal cases in both State and Federal Courts.  In the course of my career I have tried every conceivable type of criminal case to a jury.

4.   I have been retained by the Plaintiff in this matter as an expert to render an opinion on various conduct by his attorney Christine Zauhar and Hallberg Criminal Defense.

5.   It is my understanding that Mr. Fredin hired Christine Zauhar of Hallberg Criminal Defense, to represent him in various criminal matters and that all criminal retainers were paid in full.

6.   I have reviewed many file materials in this matter including Counsel's motion to withdraw.

7.   While the affidavits supporting the motion to withdraw are mostly silent on the grounds it is my understanding that part of the reason for the motion to was unpaid civil retainers.

8.   It is my professional opinion that failure to pay fees on a separate civil matter would have been insufficient grounds to withdraw on the criminal matter for which Hallberg was retained.

9.   It is my understanding that the criminal case at issue here, namely gross misdemeanor stalking,  was ultimately reversed in post-conviction proceedings. This reversal was due to first amendment issues as it relates to stalking decided by the Minnesota Supreme

Court in 2019.  In re Welfare of A.J.B., 929 N.W.2d 840 (Minn. 2019).  "The supreme court held that the stalking-by-mail statute was unconstitutionally overbroad because it proscribed a substantial amount of protected speech and that it could not be judicially remedied by narrowing its construction or severing language." Id. at 856-57

10.  It is my understanding that the Plaintiff in this case asked Defendant Zauhar to raise a protected speech or first amendment Defense pre-trial and further asked her to seek a jury instruction asserting constitutional privileges guaranteed by the First Amendment to the United States Constitution.

11.  Counsel is mindful that "a plaintiff cannot state a malpractice claim against his criminal defense attorney if his conviction `remains undisturbed.'" Hoffenberg v. Meyers, 73 Fed.Appx. 515, 516 (2d Cir. 2003) (quoting Britt v. Legal Aid Soc., Inc., 95 N.Y.2d 443, 446, 718 N.Y.S.2d 264, 741 N.E.2d 109 (2000)).  Here the conviction was disturbed.

12.  Further "a plaintiff must establish the applicable standard of care, a breach of that standard, and a causal relationship between the violation and the harm complained of." Biomet Inc. v. Finnegan Henderson LLP, 967 A.2d 662, 664 (D.C. 2009). It is long established that "an attorney is not liable for mistakes made in the honest exercise of professional judgment," so long as she has acted "with a proper degree of skill, and with reasonable care and to the best of [her] knowledge[.] Id. at 665, quoting National Sav. Bank v. Ward, 100 U.S. 195, 198, 25 L.Ed. 621 (1879).

13.  The only Defense the Plaintiff had in his criminal action was to raise the issue that his speech was protected by the first amendment.  Defense counsel had a duty to raise that defense whether or not he personally requested his defense attorney to do so, which he did.  Counsel in In re Welfare of A.J.B. did and so should have counsel in this case.  It is my professional opinion that failure to do so is malpractice under the given standard.

14.  I do not herein opine on damages but note that the length Plaintiff's incarceration resulted directly from the conviction that was later reversed because of the holding in In re Welfare of A.J.B..

FURTHER YOUR AFFIANT SAITH NOT

JESSICA L. ... WAN
NOTARY PUBLIC  MINNESOTA
My Commission Expires Jan. 31, 2021

Bruce Michael Rivers

Subscribed and sworn to before me
on this 6th Day of May, 2020.

Notary Public

2