# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Brock Fredin, <br><br> Plaintiff, <br><br> v. <br><br> Halberg Criminal Defense, Christina Zauhar, <br><br> Defendants. | Case No. 19-cv-3068 (SRN/HB) <br><br> **ORDER** |

Brock Fredin, 1180 7th Ave., Baldwin, WI 54002, pro se.

Barry O'Neil, Lommen Abdo, PA, 1000 International Centre, 920 Second Avenue S., Minneapolis, MN 55402, for Defendants.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Motion to Dismiss [Doc. No. 11] filed by Defendants Halberg Criminal Defense ("Halberg") and Christina Zauhar, and the Motion for Leave to File an Amended Complaint [Doc. No. 35] filed by Plaintiff Brock Fredin. For the reasons set forth below, the Court grants Defendants' motion, and denies Plaintiff's motion.

## I.    BACKGROUND

On December 11, 2019, Fredin filed the Complaint [Doc. No. 1] in this action, based on claims arising from the legal representation provided by Ms. Zauhar to Fredin in underlying state court criminal and civil actions. Ms. Zauhar is an attorney at the Halberg law firm. Fredin asserts claims for legal malpractice/negligence, breach of contract,

charging excessive legal fees, fraud, intentional and negligent misrepresentation, false imprisonment, intentional infliction of emotional distress, and negligent infliction of emotional distress. (Compl. ¶¶ 2, 75–121.) In an earlier lawsuit, Fredin asserted nearly the same claims against the same defendants. *Fredin v. Halberg Crim. Defense*, No. 18-cv-2514 (SRN/HB) (D. Minn. filed Aug. 27, 2018).[1] However, in February 2018, the Court dismissed the earlier action without prejudice for Fredin's failure to prosecute.

In lieu of filing an answer in this case, Defendants filed the instant Motion to Dismiss. They argue that Fredin's claims arise solely from the attorney-client relationship, and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), due to Fredin's failure to comply with Minn. Stat. § 544.42. (Defs.' Mem. Supp. Mot. to Dismiss [Doc. No. 13] at 5.) Under this statute, a plaintiff in a legal malpractice case must serve an affidavit of expert review with the pleadings. Minn. Stat. § 544.42, subd. 2(1); *Noske v. Friedberg*, 713 N.W.2d 866, 871 (Minn. Ct. App. 2006). In addition, Defendants argue, Fredin's claims alleging fraud and negligent misrepresentation also fail to comply with the heightened pleading requirements of Fed. R. Civ. P. 9(b). (Defs.' Mem. Supp. Mot. to Dismiss at 8–9.)

On February 11, 2020, Fredin moved for an extension of time in which to comply with the expert affidavit requirement [Doc. No. 17]. On April 15, 2020, Fredin again moved for an extension of time in which to comply with the requirement [Doc. No. 28]. Defendants opposed both motions [Doc. Nos. 24 & 32]. On May 1, 2020, Magistrate Judge

---

[1] The current pleading adds Fredin's claims for false imprisonment and negligent and intentional infliction of emotional distress.

Bowbeer denied both motions for an extension [Doc. No. 34], and on May 12, 2020, she issued an order [Doc. No. 43], denying Fredin's request for reconsideration [Doc. No. 40].

Fredin did not file a memorandum in opposition to Defendants' Motion to Dismiss. On May 7, 2020, he filed the instant Motion to Amend the Complaint. He argues that "good cause and justice requires leave to file an amended complaint." (Pl.'s Mem. Supp. Mot. to Am. [Doc. No. 36] at 2.) He contends that his proposed amended complaint survives Defendants' Rule 12(b)(6) challenge because he attaches an affidavit of expert review. (*Id.* at 4.) Fredin asserts that he searched for an expert for some time, and "was only just recently able to afford an expert review." (*Id.* at 6.) He identifies attorney Bruce Rivers as his expert, and provides an affidavit of expert review [Doc. No. 38] with his proposed amended pleading.

In opposition, Defendants urge the Court to deny Fredin's Motion to Amend on grounds of futility. (Defs.' Opp'n [Doc. No. 44] at 3.) Again, they assert that Fredin failed to comply with the expert review statute, requiring the dismissal of his claims. (*Id.*) Even if the Court considers the Rivers Affidavit, Defendants argue that it does not satisfy the requirements of Minn. Stat. § 544.42, subd. 3(1).

## II.   DISCUSSION

### A. Standard of Review

When evaluating a motion to dismiss under Rule 12(b)(6), the Court assumes the facts in the pleading to be true and construes all reasonable inferences from those facts in the light most favorable to the plaintiff. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). The Court, however, need not accept as true wholly conclusory allegations, *Hanten*

*v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions that the plaintiff draws from the facts alleged in the complaint. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). While the plausibility standard is "not akin to a probability requirement," it necessarily requires a complaint to present "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

To amend a pleading, other than within a narrow window of time after filing suit or receiving a responsive pleading, a party may only amend with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). While leave to amend shall be freely given when justice so requires, *id.*, the right to amend is not absolute. *Doe v. Cassel*, 403 F.3d 986, 990 (8th Cir. 2005). A court may deny a party's request for leave to amend if the proposed amendment would be futile. *See Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013) (citation omitted) (identifying futility of amendment as one of several bases on which to deny leave to amend). A proposed amendment is futile if the court finds "that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the

Federal Rules of Civil Procedure." *Cornelia I. Croswell GST Trust v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008).

Because Defendants contend that Plaintiff's proposed amendments would be futile, the Court applies the same standard of review under Rule 12(b)(6) to both motions.

### B. Affidavit of Expert Review

As noted in prior rulings of Magistrate Judge Bowbeer in this case, (*see* May 1, 2020 Order at 2; May 12, 2020 Order at 1–2), when a plaintiff files a legal malpractice or negligence action against a licensed attorney, and intends to use expert testimony to establish a prima facie case, the plaintiff must serve an affidavit of expert review, drafted by an attorney, or, in the case of a pro se plaintiff, the plaintiff must sign the affidavit, and is held to the same standard as an attorney. Minn. Stat. § 544.42, subd. 2(1).

> The affidavit of expert review must state that
>
> (1) the facts of the case have been reviewed by the party's attorney with an expert whose qualifications provide a reasonable expectation that the expert's opinions could be admissible at trial and that, in the opinion of this expert, the defendant deviated from the applicable standard of care and by that action caused injury to the plaintiff;
>
> (2) the expert review required by clause (1) could not reasonably be obtained before the action was commenced because of the applicable statute of limitations; or
>
> (3) the parties have agreed to a waiver of the expert review required by clause (1) or the party has applied for a waiver or modification by the court under paragraph (c).

Minn. Stat. § 544.42, subd. 3(a).[2] Fredin has never claimed that an approaching statute of limitations deadline caused him to file this action without an expert review affidavit, nor have the parties agreed to waive the requirement.

In a legal malpractice action, expert testimony is required to establish the professional standard of care, the breach of that standard, and causation. *LaBorde v. Castleman*, No. A05-18-5, 2006 WL 2053158, at *2 (Minn. Ct. App. July 25, 2006) (citing *Admiral Merchs. Motor Freight, Inc. v. O'Connor & Hannan*, 494 N.W.2d 261, 266 (Minn. 1992); *Spannaus v. Larkin, Hoffman, Daly, & Lindgren, Ltd.*, 368 N.W.2d 395, 399 (Minn. Ct. App. 1985); *Walton v. Jones*, 286 N.W.2d 710, 715 (Minn. 1979)). In rare instances, expert testimony may not be necessary if the complained-of conduct "'can be evaluated adequately by a jury in the absence of expert testimony.'" *Kurdyumova v. Robinson*, No. A13-1734, 2014 WL 1875847, at *3 (Minn. Ct. App. May 12, 2014) (quoting *Hill v. Okay Constr. Co.*, 252 N.W.2d 107, 116 (Minn. 1977)).

Here, the Court finds that specialized knowledge from an expert is required to determine the professional standard of care applicable to Fredin's legal malpractice/negligence claim. Among his allegations, Fredin asserts that his counsel

---

[2] The expert review statute contemplates two affidavits. The first affidavit, which is the affidavit of expert review, establishes that an expert has reviewed the case and has concluded that the defendant breached the applicable standard of care, causing injury to the plaintiff. *Fontaine v. Steen*, 759 N.W.2d 672, 676 (Minn. Ct. App. 2009). The second affidavit, the affidavit of expert identification or expert disclosure, identifies the expert witnesses, and provides the substance of their opinions, and bases for their opinions. *Id.* While the first affidavit must be served with the pleadings, the second must be served within 180 days of the commencement of discovery. Minn. Stat. § 544.42, subd. 2(2). The first affidavit is at issue here.

breached the standard of care by failing to raise certain constitutional claims, failing to file certain motions, engaging in off-the-record proceedings and conversations, failing to consult with Plaintiff about a forensic investigator, and filing motions to withdraw. (Compl. ¶¶ 75–79.) A jury could not reasonably determine if Defendants' conduct violated the standard of care without expert testimony, as Fredin's claims involve a variety of underlying criminal and civil proceedings, many of the challenged decisions of counsel require an understanding of the standard of care, and the decisions of counsel implicate issues of professional judgment and legal strategy. Fredin's initially unsuccessful attempts to obtain an expert opinion demonstrate that he also understood expert testimony was necessary to prove his case. (*See* Pl.'s Mem. Supp. Mot. to Am. at 6.)

The expert review statute applies not only to claims specifically pleaded as legal malpractice, but to any other derivative claims that "are based on the same facts as [the] legal malpractice claims and arise solely out of [the] attorney-client relationship." *Afremov v. Sulloway & Hollis, P.L.L.C.*, 922 F. Supp. 2d 800, 815 (D. Minn. 2013); *see also Pearson v. Oxford Prop. Advisors, LLC*, No. A10-1766, 2011 WL 1833133, at *5 (Minn. Ct. App. May 16, 2011) (finding no error in the dismissal of plaintiff's alternative claims, "[b]ecause allowing a plaintiff to simply list multiple alternative claims without fleshing out the logic or merits of those claims would create a significant loophole in Minn. Stat. § 544.42.")

Plaintiff's claims arise solely out of his attorney-client relationship with Defendants, and each claim is predicated upon the same set of underlying facts. As an initial matter, after asserting his legal malpractice/negligence claim in Count 1, Fredin realleges and

7

incorporates the preceding paragraphs of the Complaint for each of his subsequent claims. (*See* Compl. ¶¶ 80, 81, 83, 89, 94, 102, 108, 114.)

His breach of contract claim essentially alleges that Zauhar violated the professional standard of care, (*id.* ¶ 67), and therefore requires expert testimony. *Jerry's Enterprises, Inc. v. Larkin, Hoffman, Daly & Lindgren, Ltd.*, 711 N.W.2d 811, 817 (Minn. 2006) (noting that expert testimony is generally necessary to establish the applicable standard of care and to further establish whether the conduct in question deviated from that standard). Accordingly, this claim requires an affidavit of expert review under Minn. Stat. § 544.42. *See Brown-Wilbert, Inc. v. Copeland Buhl & Co., P.L.L.P.*, No. A07-2462, 2008 WL 5396832, at *4 (Minn. Ct. App. Dec. 30, 2008) (requiring expert testimony to support breach of contract claim against accountant where the claim was based on a breach arising out of the accountant-client relationship).

Likewise, Fredin's allegations that Zauhar engaged in unnecessary and wasteful billing (Compl. ¶¶ 69–74) also assert a breach of the standard of care, and require expert testimony. Similarly, his claim of intentional and negligent misrepresentation refers to the "actions and representations Plaintiff described above," (*id.* ¶¶ 75–79), and relies on the same allegations as his legal malpractice/negligence claim. It is therefore subject to the requirements of Minn. Stat. § 544.42. *Berman v. Maslon, Edelman, Borman & Brand, LLP*, No. A06-351, 2006 WL 3734278, at *3 (Minn. Ct. App. Dec. 19, 2006) (affirming dismissal of misrepresentation claim due to plaintiff's failure to provide expert affidavit, where misrepresentation claim was directly related to legal malpractice claim for which expert testimony was required). The expert affidavit requirement also applies to Fredin's

fraud claim, in which he alleges that Defendants mishandled client funds and did not effectively communicate about fees. *Zirbes v. Meshbesher & Spence, Ltd.*, No. A16-0352, 2016 WL 5345653, at *4 (Minn. Ct. App. Sept. 26, 2016) (requiring expert testimony to support fraud claim that was based on allegations of legal malpractice).

The Court likewise finds that Fredin's false imprisonment claim, (Compl. ¶¶ 102–07), alleging that Defendants' legal representation ultimately led to Fredin's criminal sentence and imprisonment, is derived from his legal malpractice/negligence claim. Therefore, this claim is subject to the requirement for an affidavit of expert review. So too are Fredin's claims for the intentional and negligent infliction of emotional distress, (*id.* ¶¶ 108–21), which allege emotional harm resulting from Defendants' allegedly deficient legal representation. *See Albert v. Binsfeld*, No. C1-02-632, 2003 WL 139529, at *2 (Minn. Ct. App. Jan. 21, 2003) (finding all of plaintiff's claims, including intentional infliction of emotional distress, were related to his malpractice claim, and were properly dismissed for his failure to comply with expert review statute).

There is no dispute that Fredin failed to file an affidavit of expert review when he commenced this action. Nor did he apply for a waiver or modification of the affidavit requirement at that time under Minn. Stat. § 544.42, subd. 3(c), nor has he shown good cause for an extension under Minn. Stat. § 544.42, subd. 4(b). *See Fontaine v. Steen*, 759 N.W.2d 672, 677 (Minn. Ct. App. 2009 ) ("to minimize [the] risk [of dismissal with prejudice], the statute . . . provides that the party bringing the action may apply for a waiver or modification of the affidavit requirements at the time the action is commenced and that the district court may determine that 'good cause exists for not requiring the

9

certification.'"). Fredin fails to explain why he could not have obtained an affidavit at the time he filed suit. This is particularly troubling, given that this lawsuit is Fredin's second attempt to sue Defendants for legal malpractice, following the dismissal of his first lawsuit for failure to prosecute. Fredin's claim that he "was only just recently able to afford an expert review," (Pl.'s Mem. Supp. Mot. to Am. at 6), fails to explain why he did not seek a waiver at the time he filed suit. Rather than explain his failure to do so, Fredin contends that "[o]n January 23, 2020, Plaintiff found a lawyer willing to complete the affidavit. Plaintiff provided a retainer check on March 23, 2020 before April deadlines and provided all information about the relevant case and deadlines in this case. On or near May 6, 2020, Plaintiff received an expert affidavit of expert review complying with the Legal Malpractice Statute." (*Id.*) But the "April deadlines" to which he refers are not the applicable deadlines for filing an affidavit of expert review or seeking a waiver. Rather, as Magistrate Judge Bowbeer recently observed, "Fredin neither acted diligently nor had a reasonable excuse for not serving the affidavit earlier." (May 12, 2020 Order at 3.)

As to the applicable penalty for noncompliance with Minn. Stat. § 544.42, the statute states that the failure to file the affidavit "within 60 days after demand for the affidavit results, upon motion, in mandatory dismissal of each cause of action with prejudice as to which expert testimony is necessary to establish a prima facie case." Minn. Stat. § 544.42(6)(a); *see also Lake Superior Ctr. Auth. v. Hammel, Green & Abrahamson, Inc.*, 715 N.W.2d 458, 470 (Minn. Ct. App. 2006) ("Minnesota courts have held that failure to strictly satisfy the expert disclosure requirements will result in dismissal of the claim with prejudice.") (citing *Broehm v. Mayo Clinic Rochester*, 690 N.W.2d 721, 726 (Minn.

2005)).   A motion to dismiss is a "demand" for an affidavit of expert review "because it provide[s] adequate notice that an affidavit of expert review [is] required." *Kurdyumova*, 2014 WL 1875847, at *4 (citing *Brown–Wilbert, Inc. v. Copeland Buhl & Co., P.L.L.P.*, 732 N.W.2d 209, 215 (Minn. 2007)).

Defendants made their demand on January 21, 2020, by filing the instant Motion to Dismiss. Fredin did not file an affidavit of expert review within 60 days. As the Court has found all of Fredin's claims require an affidavit of expert review, and he failed to comply with Minn. Stat. § 544.42, his claims must be dismissed with prejudice. Accordingly, Defendants' motion is granted. Because the Court rules on the basis of Fredin's failure to comply with the expert review statute, it declines to address Defendants' additional arguments that Plaintiff's fraud and misrepresentation claims also fail to meet the pleading requirements of Rule 9(b).

Because any amendment would be futile, given the failure to comply with the expert review statute, Plaintiff's Motion to Amend is denied.

### III. ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss [Doc. No. 11] is **GRANTED**;

2. Plaintiff's Motion for Leave to File an Amended Complaint [Doc. No. 35] is **DENIED**; and

3. This action is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.


Dated:  May 27, 2020                                 s/Susan Richard Nelson
                                                     SUSAN RICHARD NELSON
                                                     United States District Judge