# Brock Fredin

Hudson, WI 54016 • Phone: (612) 424-5512 •
E-Mail: brockfredinlegal@icloud.com

Date: May 27, 2020

**BY ECF**
Hon. Judge Susan Nelson
United States District Court
316 Robert St N
Saint Paul, MN 55101

    Re:    *Fredin v. Halberg, Case No. 19-CV-3068*

Dear Judge Nelson:

I am requesting leave to file a motion to reconsider. Halberg's malpractice resulted in a wrongful conviction. And, on the eve of sentencing, Halberg ditched their client, throwing their client to the wolves, so that he could be torn to pieces.

The decision strings together a sequence of events like beads on a strand, but does not explain how Bruce River's proffered expert affidavit accusing Halberg of malpractice suddenly does not count. These incidents of misconduct raise the frightening prospect that many of the thousands of people now populating state and federal prisons, might, in fact, be innocent. I wish that I could say that Halberg's unprofessionalism here is the exception, that their propensity for shortcuts and indifference to their ethical and legal responsibilities is a rare blemish and source of embarrassment to an otherwise diligent and scrupulous corps of attorneys staffing defense firms across the country. But it would not be true. Malpractice and *Brady* violations have reached epidemic proportions in recent years, and the federal and state reporters bear testament to this unsettling trend.

This case points to an important problem – that of unscrupulous defense attorneys. Halberg's long history of malpractice, resulting in the wrongful conviction of numerous innocent people, is hardly unique. This decision erodes the public's trust in our justice system, and chips away at the foundational premises of the rule of law. When such transgressions are acknowledged yet forgiven by the courts, we endorse and invite their repetition.

The Court must send defense attorneys a clear message: Betray clients, give short shrift to a vigorous representation, and you will lose your ill-gotten retainer. Unfortunately, the decision sends the opposite message. The decision shrugs off an

egregious malpractice and *Brady* violation as immaterial. Had Halberg fully represented me, this burden on the Court and circus could have been avoided. By raising the bar impossibly high, the Court invites unscrupulous defense attorneys like Halberg to avert their gaze from exculpatory evidence or a vigorous defense, secure in the belief that, if it turns up after the defendant has been convicted, judges will dismiss the *Brady* violation as immaterial.

On these facts, any Court will find that Halberg committed malpractice. My only question is why this Court is ignoring these facts.

Here's what this case boils down to: the Court knew Halberg committed malpractice. And, that I was railroaded. The Court was looking for a reason to dismiss, but got tired of waiting, responding to filings and watching the docket. The Court then jumped the gun by executing dismissal improperly on procedural law. The court ignored the merits of the case and substantive law. This is a green light for unscrupulous defense attorneys to steal retainers. That puts all of us at risk. Accordingly, I am requesting leave to file a motion for reconsideration, and I'm off to prepare my appeal[1] and file a professional responsibility complaint against Halberg.

Sincerely,

s/ Brock Fredin
Brock Fredin

cc: All Parties (by ECF)

---

[1] The simple answer is that this Court turned a blind eye to malpractice and will be reversed on appeal.